C. E. Stewart, Administrator, appellant, v. C. L. Tate
et al., appellees.

Filed December 26, 1918. No. 20161.

Vendor and Purchaser: Rescission. Where, with knowledge of all the
facts on which a rescission of a contract for the sale of land
may be based, the vendee does some act which prevents him from
placing the vendor in *statu quo* he cannot claim a rescission of
the contract.

Appeal from the district court for Cheyenne county:
Hanson M. Grimes, Judge. *Affirmed.*

*Sutton, McKenzie, Cox & Harris* and *W. W. Bulman,*
for appellant.

*Courtright, Sidner & Lee, contra.*

Morrissey, C. J.

Action to rescind and recover back a payment made
on the purchase price of farm lands. From a judgment
for defendants, plaintiff appealed. Plaintiff having
died, the suit is now prosecuted in the name of the
administrator, but wherever the term plaintiff is used
in this opinion it refers to the original plaintiff.

Under a written contract, plaintiff purchased two
quarter sections of land from defendants, and paid
$1,000 on the purchase price at the signing of the con-
tract; $1,100 was thereafter paid and a promissory
note for $1,000 executed and delivered. Plaintiff es-
tablished his home on the land and cultivated it for
one season. The contract, as written, required defend-
ants to convey title to plaintiff; but this provision was
subsequently modified by an oral agreement, whereby
it was agreed that one Parks, who was mutually be-
lieved to be the holder of a good record title to the
land, should execute the conveyance to plaintiff. It
developed that Parks held a perfect title to one quarter
section, but that there was an apparent defect in the

title to the other quarter section. The writing provided that time was of the essence of the contract; but the district court found, and the evidence sustains the finding, that plaintiff knew of this apparent defect in the title before making the second payment, and before taking possession of the land. The title was afterwards quieted and perfected in Parks.

In September, 1911, plaintiff removed from the land. Before leaving, he entered into an agreement with one Scow, under which he delivered possession of the land to Scow, and agreed that he might occupy the same until the following March. In November following, through his agent and attorney, he relinquished all his interest in the deeds then on deposit in the Lodgepole bank, and Parks surrendered to plaintiff the $1,000 note that had been given as part of the purchase price, and also paid over to him the $500 which Parks had received from defendants as part of the purchase price. The decree of the district court, which was afterwards affirmed in this court, quieting title to the disputed quarter section in Parks, had not then been entered.

Plaintiff claims that defendants had agreed at the time of the oral modification of the written contract that on or before November 1, 1911, they would furnish an abstract showing a perfect title of record in Parks, and that because this abstract was not so furnished he might elect to rescind the contract and recover back all payments made. In this regard, the evidence does not seem to sustain his contention. Plaintiff was in possession of the land; a deed had been deposited which conveyed good title, although there was an apparent defect in the chain of title which required a decree of court to remedy. There was no eviction of plaintiff. He did not tender back the possession to defendants but delivered possession to another. The conduct of the parties was such as to warrant the court's conclusion that time was not of the essence of the oral agreement.

Having made substantial payments on the purchase price to the parties entitled thereto, and the deeds having been delivered in escrow, and plaintiff being in possession, he became the equitable owner. In place, however, of surrendering up possession to defendants and waiving his rights under the deeds deposited, he placed a tenant in possession, and, for the redelivery of his $1,000 note and $500 in money, he surrendered all rights to Parks that he had under the deed, and thereby estopped himself from making a rescission.

Prior to the entry of the judgment from which this appeal is prosecuted, plaintiff's cause of action was submitted to a jury. There was a verdict returned in favor of plaintiff, which, on defendants' motion for a new trial, was set aside. A jury was then waived and a trial had to the court. Plaintiff now complains that the court was guilty of an abuse of discretion in disturbing the finding of the jury. Since, under the facts disclosed, defendants were entitled to a directed verdict, the court was not guilty of an abuse of discretion. The judgment is

AFFIRMED.

SEDGWICK and ALDRICH, JJ., not sitting.